THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ULES BROWN, Defendant-Appellant.

(No. 55435; ▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—May 11, 1973.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

When defendant's case was in this court last year, we felt obliged to dismiss the appeal on the ground that we lacked jurisdiction by virtue of Supreme Court Rule 606(a), a purported notice of appeal having been filed beyond the time limit prescribed in Rule 606(b), and without the presentation of a petition for leave of this court to file a late notice of appeal pursuant to Rule 606(c). Ill. Rev. Stat. 1971, ch. 110A, par. 606.

▮▮ The case is now before us again on reversal by the Illinois Supreme Court (No. 45085, March 20, 1973) which held that we had abused our discretion in not considering as a proper Rule 606(c) petition, defendant's alternative request contained in his petition for rehearing that his rehearing "petition be considered as a late notice of appeal *nunc pro tunc,* to the date of the plea of guilty." We therefore do so, and grant leave to appeal.

In furtherance thereof, and in accordance with Rule 606(c), we hereby order the clerk of this court to transmit a copy of defendant's

152

petition for rehearing filed herein on February 22, 1972, to the clerk of the circuit court for filing as of October 17, 1969, and with direction that it be considered as the notice of appeal in this case. The resulting lateness in filing the record, briefs and excerpts is hereby excused.

Turning to the appeal as presented in defendant's briefs, there is only one point raised: that his conviction should not stand because the court had not adequately advised him of his rights when he pleaded guilty.

■■ As our opinion, we adopt the following concise statement of the case contained in the dissenting opinion filed by Mr. Chief Justice Underwood:

> "It is abundantly clear from the record that defendant and his counsel had negotiated this plea of guilty as a means of disposing of eight armed-robbery charges then pending against him. The 3-5 year sentence then imposed had been agreed upon by defendant, his counsel and the State's Attorney. There is no suggestion made to us that defendant is not guilty, that he was in any way misled as to the offense to which he was pleading guilty or the sentence which would be recommended. The recommended sentence was imposed, and it is not suggested to be excessive. In short, it is entirely clear that no element of unfairness to defendant in the conduct or completion of the plea-negotiation proceedings is alleged to exist.
>
> It is undisputed that defendant was properly admonished as to the consequences of his guilty plea and that he was apprised of his right to appeal notwithstanding that plea."

The judgment is affirmed.

Affirmed.

DRUCKER, P. J., and LORENZ, J., concur.